## WESTERN UNION TELEGRAPH CO. v. BAKER.

(Circuit Court of Appeals, Eighth Circuit.   August 25, 1905.)

No. 2,166.

1. NEGLIGENCE—ACTION FOR—PLAINTIFF'S FAILURE TO EXERCISE PREVENTIVE CARE FATAL.

One's right  of recovery for damages on account of another's negligence is always conditioned by his own exercise of ordinary care to avoid or diminish the damages as soon as he knows that they are impending; and, where the exercise of such care would have prevented them, the failure to exercise it is fatal to a recovery.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 86–93.]

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION, NOT WHICH NEGLIGENCE IS MORE PROXIMATE CAUSE.

In cases involving contributory negligence, the question is not whether the negligence of the plaintiff or that of the defendant is the more proximate cause of the injury, but it is whether or not the negligence of the plaintiff directly contributed to it.   One whose negligence directly contributes to his injury cannot recover damages of another whose negligence concurred to cause it, although the carelessness of the latter may be the more proximate cause of it.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 93, 112, 113, 162–167.]

3. SAME—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR COURT OR JURY.

The question of the existence of contributory negligence is, like any other question of fact, for the jury when conditioned by conflicting testimony or doubtful deductions from the evidence.   It is for the court when the evidence so clearly discloses the fact that a finding contrary to its showing could not be sustained, and in all such cases it is the duty of the trial court to instruct the jury to return a verdict in accordance with the evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 286, 291, 296, 299, 333–346.]

4. TRIAL—WITHDRAWAL OF CASE FROM JURY.

There is always a preliminary question for the judge before a case can be properly submitted to the jury, and it is, not whether or not there is any evidence, but whether or not there is any substantial evidence upon which a jury may properly render a verdict in favor of one of the parties to the action.   The duty to determine this question and to withdraw the action from the jury is imposed upon the court in every case where the evidence and the rational deductions from it are undisputed

and of such a conclusive character that the exercise of a sound judicial discretion would compel a refusal to give effect to a contrary verdict.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 338–340.]

5. TELEGRAPH COMPANY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—FACTS—CONCLUSION.

Plaintiff was a resident of Little Rock, and her father and brother were residents of Hot Springs. Her father died at 6:30 Saturday morning, and her brother telegraphed her by means of the defendant this fact. The telegram was received in Little Rock at 10:24 a. m., but was not delivered until 9 a. m., the next morning. At 11 p. m. Saturday the plaintiff had learned all the material facts told by the telegram. She had sufficient money to pay her fare to Hot Springs, and there were two trains, which left at 7 and 9 respectively in the morning of Sunday, which would have taken her to Hot Springs in time to attend the funeral. She knew all these facts. She did not attend the funeral, and she testified that she did not do so because, while she had money to pay her fare to Hot Springs, she did not have enough to pay her fare back to Little Rock, and, while she had frends in Little Rock who would have loaned her the money, she did not have time to see them and get it. *Held*, there was no substantial evidence that the delay in the delivery of the telegram caused the plaintiff's absence from the funeral, and the evidence was conclusive that her absence was caused either by her indisposition or her lack of ordinary care to take one of the trains on Sunday morning after she was acquainted with all the necessary facts at 11 o'clock on Saturday night.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Rush Taggart and Geo. B. Rose (Geo. H. Fearons, U. M. Rose, and W. E. Hemingway, on the brief), for plaintiff in error.

J. H. Harrod, for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. Daisy Baker brought this action against the Western Union Telegraph Company, a corporation, for $5,000, and recovered a judgment for $1,500 damages on account of mental anguish and suffering which she alleged the company had inflicted upon her by its delay from 10:24 in the morning of Saturday, August 13, until 9 in the morning of Sunday, August 14, 1904, in delivering to her a telegram. Defendant denied that it was negligent, and denied that any of its negligence caused the damages. At the close of the trial the record disclosed these facts: Daisy Baker, the plaintiff below, lived at Argenta, about two miles from the business center of the city of Little Rock, in the state of Arkansas. Her father and brother lived about 52 miles distant, at the city of Hot Springs, in that state. Two railroads, called in the testimony the "Choctaw" and the "Iron Mountain," connected these cities, and the time occupied by passenger trains in running upon them between the cities was from two to three hours. Passenger trains started at 7 and 9 in the morning of Sunday, August 14, 1904, from Little Rock to Hot Springs on these railroads. The Rock Island Railroad operated two trains between these cities on that day; one that left Little Rock at 7:30 in the morning and

another that departed from that city at 2, and arrived there at 3:45 in the afternoon. The plaintiff's father died at Hot Springs on the morning of Saturday, August 13th, and her brother sent her a telegram by means of the defendant in these words: "Pa died this morning at 6:30. Come if possible." The telegram was received at Little Rock at 10:24 on the morning of that day, but was not delivered to the plaintiff until about 9 in the morning of the next day. The plaintiff, however, learned at 8 in the afternoon of Saturday, from a Mr. Bratton, a friend, that her father had died; but she did not then learn when he had died. At 11 o'clock that evening she learned from Judge Wood, another friend, that he had died that morning. The railroad fare from Little Rock to Hot Springs was $1.70. She could and would have attended her father's funeral if the telegram had been delivered to her on Saturday. She had $2 in her purse then and on Sunday, but she did not go, because, as she testified, she did not have money enough to make the trip, and the banks and stores were closed on Sunday, so that she could not get any. She testified that she tried to borrow some of three of her neighbors; that Mr. Bratton would have loaned her the money if she had asked him for it, but that he lived three miles from her home; and that she had a great many friends in Little Rock who would have furnished her the money if requested, but that she could not get to them in time to get off on any train. She also testified that her husband telephoned to the ticket agents of both railroad companies, and that he told her that they informed him that there was no train after 9 o'clock in the morning on Sunday which would arrive in Hot Springs before 4 o'clock in the afternoon, which was the hour of the funeral, and that she did not know that there was a train on the Rock Island Railroad which left Little Rock at 2 and arrived at Hot Springs at 3:45 in the afternoon of August 14, 1904. No evidence was produced of any other material fact. The court refused to instruct the jury to return a verdict for the defendant, and this ruling is assigned as error.

There is no claim for any pecuniary loss involved in this action. It is founded upon a statute of Arkansas, which provides that all telegraph companies doing business in that state shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting, or delivering messages, and that the jury may award such damages as they conclude resulted from the negligence of the telegraph companies. Laws Ark. 1903, p. 123, c. 68. The anguish or suffering for which the plaintiff sought to recover damages under this statute was that which resulted to her from her absence from the funeral of her father. There were at least three facts which were indispensable to her cause of action: (1) That the company was guilty of negligence in the delivery of the message; (2) that the delay of the company in delivering the message caused the plaintiff's absence from the funeral of her father; and (3) that her absence inflicted anguish or suffering upon her. Conceding that there was evidence of the first and third facts, yet the plaintiff was not entitled to recover unless she also established the second. One may not be legally mulcted in damages for acts of negligence which did not produce them. The plaintiff may not legally

take the moneys or the property of the telegraph company on account of her absence from the funeral and the mental anguish which resulted from that absence—unless the company's delay in delivering the message caused her absence, unless that delay made it impossible or impracticable, in the exercise of reasonable care, for her to be present.

The fare from Little Rock to Hot Springs was $1.70. At 11 o'clock in the evening of Saturday, August 13, 1904, the plaintiff knew every material fact which is stated in the telegram. She also knew that trains left Little Rock for Hot Springs at 7 and at 9 the next morning, and that they would take her to that city in ample time for her to be present at the funeral of her father, and she had $2 in her purse with which to pay her fare. She was less than three miles from the railroad station. She had 10 hours, at least 4 of which would pass in daylight, after she knew all that the telegram told and before the 9 o'clock train would start; and the avoidance of mental anguish, which she estimates at $5,000 and the jury appraised at $1,500, was conditioned, so far as her knowledge extended, by her taking that train. She did not take it. The excuses which she gives for her failure to do so are weak and frivolous. She says she did not go because, although she admits that she had sufficient money in her purse to go to the funeral, she did not have enough to go and to return to Little Rock. Even so, delay in the delivery of the telegram did not prevent her from avoiding the anguish caused by her absence from the funeral. The limit of its causal influence under this statement of the case was to delay her return from Hot Springs until she could get $1.40 more. She testifies that she could have borrowed this amount from Mr. Bratton, but that he lived three miles from her residence; that she had many other friends in Little Rock who would have loaned her this money, but that she could not reach them in time. But a distance of three miles in a city in the summer, with four hours of daylight in which to traverse it, is not an obstacle sufficient to prevent a person of ordinary care and prudence from avoiding impending damages of thousands of dollars. One's right of recovery for damages on account of the negligence of another is always conditioned by his own exercise of ordinary care to avoid the damages, after he knows they are impending, and, where his exercise of such care would have prevented them, the failure to exercise it is fatal to his recovery. Western Union Tel. Co. v. Matthews (Ky.) 67 S. W. 849, 850; Joyce on Electric Law, § 972.

Moreover, the question in cases of alleged contributory negligence is not whether the negligence of the plaintiff or that of the defendant was the more proximate cause of the injury, but it is whether or not the negligence of the plaintiff directly contributed to it. One whose negligence directly contributed to his injury cannot recover damages of another whose negligence concurred to cause it, even though the carelessness of the latter was the more proximate cause of it. Gilbert v. Burlington, C. R. & N. R. Co., 63 C. C. A. 27, 31, 128 Fed. 529, 533; Pyle v. Clark, 25 C. C. A. 190, 192, 79 Fed. 744, 746; Motey v. Granite Co., 20 C. C. A. 366, 369, 74 Fed. 156, 159; Chicago & N. W.

R. Co. v. Davis, 3 C. C. A. 429, 431, 53 Fed. 61, 63; Railway Co. v. Moseley, 6 C. C. A. 641, 643, 646, 57 Fed. 921, 923, 925; Reynolds v. Railway Co., 16 C. C. A. 435, 438, 69 Fed. 808, 811, 29 L. R. A. 695; Schofield v. Railway Co., 114 U. S. 615, 618, 5 Sup. Ct. 1125, 29 L. Ed. 224; Railroad Co. v. Houston, 95 U. S. 697, 702, 24 L. Ed. 542; Hayden v. Railway Co., 124 Mo. 566, 573, 28 S. W. 74; Wilcox v. Railway Co., 39 N. Y. 358, 100 Am. Dec. 440. The exercise by the plaintiff of the care which a person of ordinary prudence and diligence would have used in like circumstances, after she knew all the facts at 11 o'clock Saturday night, to take one of the trains to Hot Springs the next morning, would have carried her to her father's funeral and have avoided the anguish and damages of which she now complains.

It is said that the question of the negligence of the plaintiff in this case was for the jury, and it is true that where there is a serious conflict of evidence, or where grave doubts arise what deductions of fact should be drawn from it, the question of contributory negligence, like other questions, is for the determination of the jury. But if, at the close of the trial, the evidence so clearly discloses the fact that the plaintiff was guilty of negligence which directly contributed to his injury that a finding to the contrary could not be sustained, it is the duty of the trial court to instruct the jury to return a verdict for the defendant. There is always a preliminary question for the judge before any case can be properly submitted to the jury, and it is, not whether or not there is any evidence, but whether or not there is any substantial evidence, upon which a jury may properly render a verdict in favor of one of the parties to the action. If there is no such evidence, it is the duty of the court to direct the jury to return a verdict against him. This duty is imposed upon the court in every case where the evidence and the rational deductions from it are undisputed, or of such a conclusive character that the exercise of a sound judicial discretion would compel a refusal to give effect to a contrary verdict. Southern Pac. Co. v. Pool, 160 U. S. 438, 440, 16 Sup. Ct. 338, 40 L. Ed. 485; Patton v. Texas & Pacific R. Co., 179 U. S. 658, 660, 21 Sup. Ct. 275, 45 L. Ed. 361; Chicago G. W. Ry. Co. v. Roddy, 65 C. C. A. 470, 471, 131 Fed. 712, 713; Gilbert v. Burlington, C. R. & N. R. Co., 63 C. C. A. 27, 30, 31, 128 Fed. 529, 532; Clark v. Zarniko, 45 C. C. A. 494, 496, 106 Fed. 607, 608.

A careful perusal and analysis and a thoughtful consideration of all the testimony in this case has driven our minds with compelling force to the conclusion that there is no substantial evidence in it that the delay in the delivery of the telegram caused the absence of the plaintiff from the funeral of her father or the anguish she endured on that account. That negligence had spent its causal force at 11 o'clock on Saturday night, when she knew all the facts that the telegram communicated and had ample opportunity to reach Hot Springs hours before the funeral of her father. She then had all the information conveyed by the telegram. She had the money to pay her fare to Hot Springs. She knew that two convenient trains would leave for that

city at 7 and 9, respectively, the next morning. She had fit opportunity and every necessary and convenient facility to be present at her father's funeral. Neither the preceding nor the subsequent delay of the telegram could have prevented her from embracing this opportunity, or from using the ample means to reach Hot Springs before the funeral which were at her command. If she failed to take advantage of the former or to avail herself of the latter, the cause of that failure was not the negligence of the telegraph company, but her own indisposition, or her failure to exercise ordinary care to do so.

There are other questions presented by the record in this case, notably the constitutionality of the statute on which this action is based. That question is not decided, and our opinion concerning it is not intimated by the determination of this case. It is not deemed wise to consider or decide that question in a case which presents no cause of action under this statute and thus renders a consideration of its validity unnecessary.

The judgment below must be reversed, and the cause must be remanded to the court below, with instructions to grant a new trial; and it is so ordered.