### KANSAS CITY, C. & S. RY. CO. v. SHOEMAKER. *

(Circuit Court of Appeals, Eighth Circuit.    September 3, 1917.)

#### No. 4922.

1. TRIAL �köä260(8)—INSTRUCTIONS—REQUESTS COVERED BY INSTRUCTIONS GIVEN.

In a railway employé's action for injuries sustained in a collision at a highway crossing between a railway motorcar and an automobile, the court charged that if the operator of the motorcar saw or by the exercise of ordinary care and prudence might have seen and anticipated the approach of the motorcar, and avoided the collision, he was negligent, that the jury must judge whether he saw or might have seen the automobile in time to stop and avoid the accident, and that it was incumbent on him merely to take such observation as would apprise him of the situation that there was or was likely to be impending danger, to such an extent that it would become his duty to exercise ordinary care to avoid it, and that, if he did not exercise such care, he was negligent. *Held,* that this did not cover defendant's requested instruction that the operator was under no obligation to stop because he saw or might have seen the automobile approaching, and that he had a right to assume that the automobile driver would stop, and not attempt to cross the track.

2. MASTER AND SERVANT ⊙ä137(3), 293(19)—INJURIES TO EMPLOYÉ—OPERATION OF RAILROADS—INSTRUCTION.

The requested charge stated a correct rule of law and should have been given.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by Harvey H. Shoemaker against the Kansas City, Clinton & Springfield Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial ordered.

John H. Lucas, of Kansas City, Mo. (William C. Lucas, of Kansas City, Mo., on the brief), for plaintiff in error.

H. M. Langworthy, of Kansas City, Mo. (J. C. Hargus, O. H. Dean, and W. D. McLeod, all of Kansas City, Mo., on the brief), for defendant in error.

---

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. This is an action by Shoemaker against the railway company to recover damages for a personal injury received by him while riding upon a motorcar of the company, which was being driven by another employé of the company by the name of Green. It is conceded that the action arises under the act of Congress relating to the liability of common carriers by railroads to their employés in certain cases (35 Stat. 65) and the amendments thereto (36 Stat. 291). Comp. St. 1916, §§ 8657–8665.

The injury to Shoemaker was caused by a collision between the motorcar, as it is called in the evidence, with an automobile at a public highway crossing. The negligence alleged in the petition is that of Green, the employé of the railway company in charge of the motorcar, saw or by the exercise of ordinary care could have seen that the automobile was approaching the crossing, and that said motorcar was liable to strike said automobile; that notwithstanding this fact Green continued to operate the motorcar at a high, dangerous, and reckless rate of speed, and failed to exercise ordinary care to reduce the speed of said motorcar, or stop the same, so as to prevent striking said automobile. There was a verdict against the railway company, and it has brought the case here assigning error.

[1] At the close of the evidence counsel for the railway company requested the court to charge the jury as follows:

"The operator of the handcar was under no obligations to stop his car because he saw, or might have seen, the automobile approaching the crossing. He had a right to presume that the driver of the automobile would stop, and not attempt to cross the railroad track; and the mere fact, if it be a fact, that the operator of the car saw the automobile approaching the track is not sufficient to warrant a recovery in this case."

The court refused to give this instruction, for the reason that it was covered by the general charge, to which ruling counsel for the railway company excepted. After the court had charged the jury, the following remarks passed between court and counsel in the presence of the jury:

"The defendant further excepts to the failure of the court to charge the jury that no duty devolved upon the defendant, or its employés, to stop, or attempt to stop, the car until such time as there was peril, and that, under the evidence, there was no peril in the case until the witness Reeding, with his automobile, attempted to cross the tracks.

"The Court: The court thought it had made that clear, but will state that, in going along there, you must judge whether the employé, Green, at the time saw, or by the exercise of ordinary diligence might have seen, the approaching automobile, in such time as, with the instrumentalities at his hand, to have stopped and avoided the accident.

"Mr. Lucas: I think your honor did not get the point. The point of the objection is that the charge is misleading, in that the jury may assume, from the charge, that Green, the witness, was required to take observation of the fact that the automobile was approaching the track. He was under no duty to stop his car, or attempt to stop his car, until such time as the automobile was in such close proximity to the track that he saw, or could have seen, that, if he didn't stop it, there would be a collision.

"The Court: The court intended the jury to understand that it was incumbent upon the defendant merely to take such observation as would apprise him of the situation, that there was, or was likely to be, impending danger there, to such an extent that it would become his duty to exercise ordinary care and caution to avoid it, and that, if you find that, at any point, that was true, and that the defendant, through its employé, with the means at hand, did not exercise all that care and caution that an ordinarily careful and prudent man would to avoid the accident, then, of course, that would be negligence on his part; otherwise, if he did do all he could do under the circumstances."

The language used by the court was in line with the general instruction previously given by the court, which was to the effect that if Green saw or by the exercise of ordinary care and prudence might have seen and anticipated the approach of the motorcar, and with the means and instrumentalities at his command, might have avoided the collision, then he was guilty of negligence. In other words, whether Green was negligent or not was made to depend upon whether he by the exercise of ordinary care might have seen and anticipated the approach of the car. The element that Green had a right to presume that the driver of the automobile would stop, and not attempt to cross the railroad track, which is contained in the requested instruction, was entirely omitted from the general charge.

[2] The charge requested stated a correct rule of law applicable to the evidence, and should have been given. A majority of the court are also of the opinion that the motion for a directed verdict in favor of the railway company should have been given, but all are agreed that, if the case was one for the jury, then the refusal to charge as above requested, was error.

Judgment reversed, and a new trial ordered.