## KANSAS CITY, C. & S. RY. CO. v. SHOEMAKER.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1917.)

No. 4922.

1. RAILROADS ⬗301—MUTUAL RIGHTS AND DUTIES AT HIGHWAY CROSSINGS.

The driver of a railway motorcar had the right of way at a highway crossing over an automobile on the highway.

2. MASTER AND SERVANT ⬗137(3)—RAILROADS ⬗327(1)—LIABILITY FOR INJURIES—ACCIDENTS AT CROSSINGS.

It was the primary duty of the driver of an automobile, approaching a railroad crossing, to look and listen for engines, cars, motorcars, and other vehicles on the railroad, and to stop before colliding with any of them, and the driver of a railway motorcar had the right to rely upon the legal presumption that the automobile driver would faithfully discharge this duty, and would have been guilty of no breach of duty, or negligence towards a fellow employé riding on the motorcar, if he had seen the automobile approaching, and had driven steadily on until the collision occurred, in the faith that the automobile driver would stop, unless he perceived that the driver would not stop in time to prevent the collision, and thereafter failed to exercise reasonable care to stop the motorcar, so as to avoid the collision.

3. MASTER AND SERVANT ⬗265(3, 12)—ACTIONS FOR INJURIES—BURDEN OF PROOF.

A railway employé, suing for injuries sustained while riding on a motorcar which collided with an automobile, had the burden of proving his allegations as to the negligence of the driver of the motorcar, and that such negligence caused or directly contributed to the collision.

4. MASTER AND SERVANT ⬗285(1), 287(4)—ACTIONS FOR INJURIES—DIRECTION OF VERDICT.

Where there was no substantial evidence that the driver of the motorcar perceived, in time to stop and prevent the accident, that the driver of the automobile would not discharge his primary duty of stopping and preventing the collision, and that his failure to exercise reasonable care to stop the motorcar after so perceiving directly contributed to the injury, defendant's motion for a directed verdict should have been granted.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

On motion for rehearing. Rehearing denied.

For former opinion, see 245 Fed. 117, —— C. C. A. ——.

John H. Lucas and William C. Lucas, both of Kansas City, Mo., for plaintiff in error.

J. C. Hargus, O. H. Dean, W. D. McLeod, and H. M. Langworthy, all of Kansas City, Mo., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

SANBORN, Circuit Judge, and BOOTH, District Judge. A consideration of the argument presented and the authorities cited by counsel for the plaintiff below on this motion for a rehearing has failed to convince that the instruction refused by the trial court and considered in the opinion of this court was either erroneous or clearly given to the jury in the general charge of the court below.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Nor has the elaborate argument to the effect that there was substantial evidence of the negligence of John Green, the section man who was operating the motorcar, persuaded us that the court below rightly refused the request of the defendant below for a direction to the jury to return a verdict in its favor. The plaintiff was a fellow servant of John Green in the section gang of the railway company. They were returning from work on the south end of their section on a motorcar which Green was driving along the railroad. At a crossing of the railroad by a highway there was a collision of an automobile, which one of its occupants was driving along the highway with the motorcar and a resulting injury to the plaintiff. The highway ran east and west and the automobile came from the west. The railroad ran from southeast to northwest and the motorcar came from the southeast. Green sat on the northeast corner of the motorcar, on the side of it opposite that from which the automobile came, and did not look for or see the automobile until the collision. Two of the section men who were riding on the west side of the motorcar saw the automobile approaching, but one of them testified that he said nothing because he supposed it would stop. The railroad at the crossing was on a fill or embankment 10 or 12 feet above the surrounding country, and, within 150 feet of the crossing, the highway rose by an ascending grade to the level of. the railroad.

[1, 2] The driver of the motorcar had the right of way over the crossing. The railroad itself was a warning of danger to the driver of the automobile, and it was his primary duty to use his eyes and ears to look and listen for engines, cars, motorcars, and other vehicles operating upon the railroad and to stop his car before it could collide with any of them. The driver of the motorcar had the right to rely upon the legal presumption that the driver of the automobile would faithfully discharge this duty and stop his machine in time to prevent a collision. If Green had seen the automobile approaching, and had driven his motorcar steadily on until the collision occurred, in the faith that· the driver of the automobile would stop it before it reached the railroad track, as it was his duty to do, Green would have been guilty of no breach of duty or negligence, unless he perceived that the driver of the automobile would not stop it in time to prevent the collision, and thereafter failed to exercise reasonable care to stop his motorcar so as to avoid it. St. Louis & San Francisco Railroad Co. v. Summers, 173 Fed. 358, 359, 360, 97 C. C. A. 328, 329, 330; Illinois Central R. Co. v. Ackerman, 144 Fed. 959, 76 C. C. A. 13; Hart v. Northern Pacific Ry. Co., 196 Fed. 180, 188, 189, 116 C. C. A. 12, 20, 21; Denver City Tramway Co. v. Cobb, 164 Fed. 41, 43, 90 C. C. A. 459, 461; Iowa Central Ry. Co. v. Walker, 203 Fed. 685, 686, 121 C. C. A. 579, 580.

[3, 4] The plaintiff below alleged, and the burden was on him to prove, the breach of duty, the negligence of Green, the driver of the motorcar, and the fact that his negligence caused or directly contributed to the collision. Substantial evidence that Green perceived, in time to have stopped his car and to have prevented the accident, that the driver of the automobile would not discharge his primary duty, stop his car, and prevent the collision, and that his failure to exercise rea-

sonable care to stop his motorcar thereafter directly contributed to the injury of the plaintiff, was indispensable to the latter's right to recover in this action. The record in this case has been searched in vain for any substantial evidence of these facts. On the other hand, there is persuasive evidence of eyewitnesses who were upon the west side of the motorcar, and who saw the automobile approach, that when the fact appeared that its driver would not slow or stop it in season to prevent the collision, but would violate his duty and drive right on, it was too late for Green to have stopped his car, or to have avoided the collision. For these reasons we are of the opinion that the court below should have granted the request of the defendant to instruct the jury to return a verdict in its favor.

The motion for a rehearing must be denied.

CARLAND, Circuit Judge, concurs in denying the motion for rehearing.