## WALKER v. EAST ST. LOUIS & S. RY. CO.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1928.

No. 7981.

**1. Negligence ⬛136(2)—Contributory negligence is law question, where facts are undisputed or clearly preponderant.**

Where the facts are undisputed or clearly preponderant, the question of contributory negligence is one of law.

**2. Street railroads ⬛99(5,10)—Automobilist held contributorily negligent, as matter of law, in driving on track without looking or listening for or in disregard of, approaching clearly visible street car sounding warnings.**

Automobile driver, approaching electric railway tracks at night, while bright lights of oncoming street car were plainly visible from 800 to 1,000 feet, and warning signals were sounded at regulation intervals, with one hand on wheel and the other around lady at his side, *held* contributorily negligent, as matter of law, in driving car on track, either without looking or listening, or in disregard of danger.

**3. Negligence ⬛83—"Last clear chance doctrine" applies only where defendant actually discovered person in peril in time to avoid injury.**

The doctrine of last clear chance is limited to cases in which defendant actually discovered person injured and his peril in time to avoid injury, and does not include cases where he might have discovered such person in time by exercise of ordinary care.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Last Clear Chance.]

**4. Street railroads ⬛103(3)—Last clear chance doctrine held inapplicable, in absence of evidence that street car motorman discovered automobile on crossing in time to prevent or minimize accident.**

Last clear chance doctrine *held*, inapplicable in action for death of automobilist in collision with street car, motorman of which took all usual precautions to avoid accident as soon as he discovered automobile, in absence of evidence that he discovered it on crossing a sufficient length of time before accident to slow down or stop car, so as to prevent or minimize accident.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Action by W. Kemp Walker, as administrator of the estate of Orville J. Kerr, deceased, against the East St. Louis & Suburban Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Lee W. Hagerman, of St. Louis, Mo. (Patrick H. Cullen, of St. Louis, Mo., on the brief), for plaintiff in error.

Robert A. Holland, Jr., of St. Louis, Mo. (Jacob M. Lashly, of St. Louis, Mo., on the brief), for defendant in error.

Before LEWIS and KENYON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. Plaintiff in error, plaintiff in the court below, brought this suit in his capacity as administrator of the estate of Orville J. Kerr, deceased, to recover damages for the death of said Kerr, alleged to have occurred on or about the 30th day of August, 1920, by the negligence of the defendant. At the close of all the evidence in the case, a motion for a directed verdict was made on behalf of the defendant, such motion sustained, and a judgment entered upon the verdict in favor of the defendant and against the plaintiff for costs. The case is brought to this court upon a proceeding in error.

Briefly stated, the evidence tended to show the following facts in connection with the accident: The defendant company was operating a suburban electric car line from the center of the city of East St. Louis eastwardly to Belleville. At the place where the accident occurred there were two car tracks, one located at the extreme southerly side of the street for east-bound traffic, and the other at the extreme northerly side of the street for west-bound traffic, while between the tracks was a driveway of about 20 feet in width for vehicular traffic. At this place the car line passed through a sparsely settled portion of the region described as the outskirts of the city of East St. Louis. The street upon which the car tracks were was here intersected by a cross street at right angles, known as Fifty-First street. The car line on the southerly side of the street was practically straight for a considerable distance, so that a car proceeding in an easterly direction could be seen from the crossing for a distance of nearly 1,000 feet, especially at night when the headlight and other lights in the car were burning. The death of Kerr was caused by a car of the defendant company while running in an easterly direction on the night of August 30th about 9 o'clock, striking the automobile in which the deceased was riding with a woman, at the crossing on Fifty-First street. A moment before the accident occurred, it was testified that his auto was stopped on the southerly side of the street upon which the car line ran a few feet from the tracks, with the front wheels of his car near Fifty-First street, and that at this time the deceased had one hand upon the wheel

and the other around the lady at his side; the electric car before the accident was seen by witnesses to be approaching; that its lights were burning brightly, including its headlight; that its whistle was being sounded, and was heard to have been sounded at least three times in traversing a distance of eight blocks west of the place of accident. The street car was moving at a rate of from 35 to 40 miles an hour, which was the usual rate of speed of the trolley cars in that particular locality. Within a short distance before the car reached the crossing, which distance it is impossible to fix with accuracy, the motorman applied the brakes and reversed the motor. When the electric car was about 500 feet from the crossing, according to one line of testimony, the automobile was started and proceeded across the tracks, being struck by the electric car in such a manner that the death of Kerr and the lady who was with him resulted.

[1, 2] While there are numerous assignments of error, counsel for plaintiff in error have grouped them in such a manner that they may be fairly considered under two points. The first relates to the alleged claim of error by the trial court in directing a verdict for the defendant because of the fact that the deceased was himself guilty of contributory negligence; and the second, that, even if he were guilty of contributory negligence, applying the doctrine of last clear chance the court should have submitted the question to the jury. As to the first proposition, the rule announced by the Supreme Court in Southern Pacific Co. v. Pool, 160 U. S. 438, at page 440, 16 S. Ct. 338, 339 (40 L. Ed. 485), "There is also no doubt, where the facts are undisputed or clearly preponderant, that the question of negligence is one of law," has been so frequently reiterated through the decisions of that high court and our own circuit, that a further citation of authority would seem superfluous. Applying that rule to the case at bar, it must follow that the trial court was right in directing a verdict upon the ground of contributory negligence, as being even within the scope of the undisputed facts. It is quite evident, from the reading of the testimony, that immediately preceding and at the time the deceased attempted to cross the railroad tracks that the crossing was not absorbing his sole and undivided attention. The bright lights of the oncoming street car were plainly visible for a distance of from 800 to 1,000 feet and warning whistles were sounded at regulation intervals, and yet in the face of this apparent danger the deceased deliberately drove his car upon the track without having looked or listened to ascertain the danger, or, if ascertaining it, had disregarded it.

Under the circumstances in this case, considering the locality and surroundings in which the accident occurred, we can see no substantial difference between this kind of a crossing and that of the ordinary railroad. Mr. Justice Holmes in speaking for the Supreme Court in the recent case of Baltimore & Ohio Railroad Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. ——, decided October 31, 1927, says: "When a man goes upon a railroad track, he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track."

[3] As to the second proposition, that the court should have applied the doctrine of "last clear chance" and submitted that question to the jury, we take the view that it was not a case in which that rule could apply. In speaking of this rule in the case of Wheelock et al. v. Clay, 13 F.(2d) 972 (C. C. A. 8), Judge Booth, for our court, says: "The doctrine is limited in this court to cases in which the defendant actually discovers the person injured and his peril in time to avoid the injury, and does not include cases where by the exercise of ordinary care defendant might have discovered the person injured in peril in time to avoid the injury. Marshall v. Hines, 271 F. 165 (C. C. A. 8); Miller v. Canadian Nor. Ry. Co., 281 F. 664 (C. C. A. 8)."

[4] Applying this rule to the facts in the case at bar, it is apparent that it is not available for a reversal of the trial court, for the reason that there is no evidence upon which to base the conclusion that the motorman discovered the automobile upon the crossing a sufficient length of time before the accident to have slowed down or to have stopped his trolley car, so as to have prevented or minimized the accident. The motorman himself was not a witness in the case, as he could not be found, and the trend of the evidence seems to be to the effect that, as soon as he discovered the automobile, he took all the usual precautions to avoid the accident. It is not a question, therefore, within the rule above stated, as to what the motorman might have seen in the exercise of ordinary caution, but what he did see or discover as the basis upon which the rule should be applied.

For the reasons stated, the judgment below should be and is affirmed.