PYLE v. CLARK et al.

CLARK et al. v. WRIGHT.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1897.)

Nos. 864, 865.

1. NEGLIGENCE—PROXIMATE CAUSE.

One whose negligence is one of the proximate causes of his injury cannot recover damages of another, even though the negligence of the latter also contributed to it, and was the more proximate cause.

**2.** RAILROADS—CONTRIBUTORY NEGLIGENCE AT CROSSING.

It is the duty of every one who approaches a railroad to look both ways, and to listen before crossing; and, when a diligent use of the senses would have avoided the injury, a failure to use them is, under ordinary circumstances, contributory negligence, and should be so declared by the court.

**3.** CONTRIBUTORY NEGLIGENCE—PEREMPTORY INSTRUCTION.

Where contributory negligence is established by the uncontroverted facts, it is the duty of the court to instruct the jury that plaintiff cannot recover.

**4.** NEGLIGENCE—QUESTION OF LAW.

It is only where the undisputed facts are such that reasonable men can fairly draw but one conclusion from them that the question of negligence is one of law for the court.

**5.** RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

Where the plaintiff, in driving across a railroad track, was struck by an engine coming from the north, his failure to look to the north for an entire minute before he drove slowly upon the track was so clearly contributory negligence that the court was authorized to direct a verdict for defendant. 75 Fed. 644, affirmed.

**6.** SAME—IMPUTED NEGLIGENCE.

The negligence of the owner and driver of a vehicle cannot be imputed to one who is riding with him gratuitously, so as to defeat a recovery for an injury caused by the concurring negligence of the driver and a third person. 75 Fed. 644, affirmed.

**7.** SAME.

One riding gratuitously with the owner and driver of a vehicle which, in crossing a railroad track, was struck by an engine coming from the north, was not so clearly guilty of contributory negligence in failing to watch for the approach of danger from the north before the driver went upon the track as to authorize the court to take that question from the jury, the driver being on the north side of the vehicle, and he on the south side. 75 Fed. 644, affirmed.

In Error to the Circuit Court of the United States for the District of Utah.

These were actions at law, brought, the one by George M. Pyle, and the other by A. E. Wright, against S. H. H. Clark and others, receivers of the Union Pacific Railway Company, to recover damages for personal injuries. The court directed a verdict in favor of defendants in the case of Pyle, who assigns that ruling as error; and the case of Wright having been submitted to the jury, and a verdict returned in his favor, the defendants assign as error the submission of his case to the jury.

David Evans (L. R. Rogers with him on the brief), for plaintiff in error Geo. M. Pyle and defendant in error A. E. Wright.

Parley L. Williams, for S. H. H. Clark and others, receivers.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. At 4 o'clock in the afternoon on a clear, still day in July, 1895, George M. Pyle and A. E. Wright were riding west along Second North street, in Salt Lake City, in a covered wagon, drawn by two horses. They were sitting on the front seat of the wagon, Pyle on the north side, and Wright on the south side, and the cover was turned back, so that they could see everywhere. Pyle owned the horses and wagon, and was driving the team,

and Wright was riding with him. They were strangers in the city, but, when they were about 100 feet east of Second West street, they observed a railroad upon it, which crossed the street on which they were traveling at right angles. When they were 50 feet from the railroad track, Pyle stopped his team, and an engine passed across the street from north to south, and then returned upon a spur track, and stopped at the line of the south sidewalk, and remained there blowing off steam. Pyle then drove his team up to within 10 to 25 feet of the track, and again stopped it. From this point the men had an unobstructed view for a distance of 2,000 feet to the north up the track on which the train that subsequently struck them came. At a point 2,000 feet north, the track on which the train approached curved to the west, and disappeared from view, while a spur track stretched onto the north a distance of a mile and a half. The men did not observe the curve of the main track, but, when they stopped the second time, they looked north along the track, and saw that on which the train subsequently came for 2,000 feet, and the spur track beyond that point for more than a mile, and saw no engine or train approaching from that direction. They then looked south, watched the engine which was standing just south of the street for a minute, and Pyle then drove his team slowly onto the main track of the railroad, without again looking to the north, when a train coming from that direction collided with his wagon, and injured him and Wright. This train was operated by S. H. H. Clark and others, the receivers of the Union Pacific Railway Company, and Pyle and Wright brought separate actions against these receivers for negligence in causing their injuries. The two cases were tried together. There was the usual conflict of testimony over the ringing of the bell of the engine and the blowing of its whistle before the accident, and there was evidence that the train was running about 15 miles an hour, in violation of an ordinance, which prohibited a speed of more than eight miles an hour at the place of the collision. Upon this state of facts, the court below instructed the jury to return a verdict in favor of the receivers in Pyle's case, and submitted the case of Wright to the jury, who returned a verdict in his favor. Pyle assigns the ruling of the court directing a verdict in his case as error, and the receivers assign the ruling of the court submitting Wright's case to the jury as error.

There was sufficient evidence of the negligence of the receivers in these cases to warrant the submission of that question to the jury, if there had been no evidence of contributory negligence on the part of the men who were injured by the collision, so that the only question presented here is whether the proof of the negligence of the latter was so conclusive that the court should have instructed the jury that they could not recover. One whose negligence is one of the proximate causes of his injury cannot recover damages of another, even though the negligence of the latter also contributed to it. The question in such a case is not whose negligence was the more proximate cause of the injury, but it is, did the negligence of the complainant directly contribute to it? If it did, that negligence is fatal to his recovery, and the negligence of the defendant

does not excuse it. Railway Co. v. Davis, 10 U. S. App. 422, 426, 3 C. C. A. 429, 431, and 53 Fed. 61, 63; Railway Co. v. Moseley, 12 U. S. App. 601, 604, 608, 6 C. C. A. 641, 643, 646, and 57 Fed. 921–923, 925; Reynolds v. Railway Co., 32 U. S. App. 577, 16 C. C. A. 435, and 69 Fed. 808, 811; Motey v. Granite Co., 36 U. S. App. 682, 20 C. C. A. 366, and 74 Fed. 156; Schofield v. Railway Co., 114 U. S. 615, 618, 5 Sup. Ct. 1125; Railroad Co. v. Houston, 95 U. S. 697, 702; Hayden v. Railway Co., 124 Mo. 566, 573, 28 S. W. 74; Wilcox v. Railroad Co., 39 N. Y. 358. Every railroad is a menace of danger. It is the duty of every one who approaches it to look both ways, and to listen, before crossing its track; and, when a diligent use of the senses would have avoided the injury, a failure to use them is, under ordinary circumstances, contributory negligence, and should be so declared by the court. Where contributory negligence is established by the uncontroverted facts of the case, it is the duty of the trial court to instruct the jury that the plaintiff cannot recover. See the cases cited supra, and Railroad Co. v. Whittle, 40 U. S. App. 23, 20 C. C. A. 196, and 74 Fed. 296, 301; Donaldson v. Railway Co., 21 Minn. 293; Brown's Adm'x v. Railway Co., 22 Minn. 165; Smith v. Railway Co., 26 Minn. 419, 4 N. W. 782; Lenix v. Railway Co., 76 Mo. 86; Railroad Co. v. Dick, 91 Ky. 434, 15 S. W. 665; Aerkfetz v. Humphreys, 145 U. S. 418, 420, 12 Sup. Ct. 835; Powell v. Railway Co., 76 Mo. 80; Dlauhi v. Railway Co., 105 Mo. 645, 654, 658, 16 S. W. 281. But it is only where the undisputed facts are such that reasonable men can fairly draw but one conclusion from them that the question of negligence is considered one of law for the court. Railway Co. v. Jarvi, 10 U. S. App. 439, 451, 3 C. C. A. 433, and 53 Fed. 65; Railway Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679; Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569; Railroad Co. v. Pollard, 22 Wall. 341.

Pyle was the driver of the team, and he was responsible for its movements. He was sitting on the north side of the wagon, on the side from which the train that collided with his wagon approached. His view of the track on which it came was unobstructed for 2,000 feet. His horses were not afraid of the cars, and they were standing still from 15 to 25 feet from the track. He sat quietly in his wagon for a minute after he looked to the north, and then, without looking north again, he drove slowly upon the track, and the engine coming from that direction caught him. His failure to use his eyes diligently, his failure to look to the north for an entire minute before he drove upon the track, and his act of starting his horses forward upon it, without glancing alternately in each direction, were acts of gross negligence. If he had not been guilty of them, the accident could not have happened. If he had not driven his horses upon the track in front of the approaching engine, there would have been no collision; and, if he had looked to the north immediately before he drove them forward, he would never have done so. Upon this state of facts, there was no escape from the conclusion that the negligence of Pyle was the proximate cause of the collision. On the other hand, Wright was sitting on the south side of the wagon, and he exercised no control over the move-

ments of the team. The wagon and the horses were Pyle's, and he was driving them. It was his act of starting them forward upon the track without looking out for the train that came from his side of the vehicle that was the active, moving cause of the disaster. Wright was not responsible for this act. The negligence of the owner and driver of a vehicle cannot be imputed to one who is riding with him gratuitously, so as to defeat a recovery for an injury caused by the concurring negligence of the driver and the third person. Railway Co. v. Lapsley, 4 U. S. App. 542, 2 C. C. A. 149, and 51 Fed. 174, 178, and cases there cited; Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391. It may be that a person of ordinary prudence riding with another under such circumstances as existed in this case would put a certain trust in the driver,—would naturally expect that he would watch for the approach of danger from his side of the vehicle, and that he would not drive forward unless he was assured that there was none in that direction; and that in this way one might be lulled into some degree of security, and led to watch for danger from his own side, and be less cautious about its approach from the opposite direction than he would be if he were the driver. The question was whether Wright exercised such care as a person of ordinary prudence would have used under the circumstances of his case. We hesitate to say that the facts in Wright's case were such that all reasonable men, in the exercise of their deliberate judgment, must come to the conclusion that he did not exercise ordinary care. In our opinion, there was sufficient doubt about this question to warrant its submission to the jury. The judgments in these cases must accordingly be affirmed, with costs; and it is so ordered.