ERNEST J. FLUCKIGER, APPELLANT, v. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, APPELLEE.

FILED NOVEMBER 13, 1915. No. 18196.

Carriers: NEGLECT OF LIVE STOCK: LIABILITY OF CARRIER. A shipper of live stock, furnished by an interstate carrier with transportation under a contract to care for, feed, water and unload his own stock when necessary, who actually accompanies his shipment on the train in which they are transported, and consents to and participates with the carrier in a violation of the federal statutes relating to such shipment, is not in a position to maintain a civil action for damages against such carrier, alleged to have been caused by such violation.

APPEAL from the district court for Holt county: R. R. DICKSON, JUDGE. *Affirmed.*

*M. F. Harrington* and *Hugh J. Boyle,* for appellant.

*Lyle Hubbard, Wymer Dressler* and *A. A. McLaughlin,* contra.

BARNES, J.

Action in the district court for Holt county to recover damages to an interstate shipment of live stock from Atkinson, Nebraska, to Chicago, Illinois, by reason of a failure to comply with the provisions of chapter 3594, 34 U. S. St. at Large, p. 607.

It was alleged in the petition, in substance, that the defendant company wrongfully and unlawfully kept 67 head of plaintiff's cattle, which constituted three carloads of the shipment in question, in the cars for 54 hours

without unloading and feeding them, and without water and food during all of said time; that they were thereby caused to shrink in weight, to plaintiff's damage and loss in the sum of $659.49, for which amount he prayed judgment.

The defendant, by its answer, denied specifically and generally every allegation contained in the petition except those expressly admitted. It admitted that, on or about the time complained of, it was a carrier organized under the laws of the state of Illinois, and owned and operated a line of railway from Atkinson, in Nebraska, to Chicago, in Illinois, and was at that time, and is now, a common carrier for hire of freight and passengers over its said line of railway. It was further admitted that, on or about September 9, 1911, it received from plaintiff at Atkinson, Nebraska, for transportation to Chicago, Illinois, four car-loads of cattle, and alleged that it forwarded the same to destination with all due haste and dispatch, and was without fault or negligence in handling or forwarding the shipment. Defendant further stated that it received said cattle under and by virtue of the terms of a written contract by which plaintiff agreed to load, feed, water, and take care of said stock in transit at his own expense and risk, and in consideration of such agreement, and to enable plaintiff to comply therewith, he was given transportation on the train in which said stock was transported to Chicago, Illinois; that he actually accompanied said stock in compliance with the agreement and assumed the duty of feeding, watering, looking after, and caring for the stock in transit; that if said cattle, or any of them, were injured in transit, the same was caused by reason of the failure or negligence of the plaintiff, and not by reason of the fault or negligence of the defendant. A copy of the contract was attached to and made a part of defendant's answer.

The cause was tried to a jury, and resulted in a verdict and judgment for the defendant. The plaintiff has appealed.

The act of congress cited by appellant (34 U. S. St. at Large, ch. 3594, p. 607) provides that a railroad company engaged in carrying or transporting cattle from one state to another shall not "confine the same in cars, boats, or vessels of any description for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight: Provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to thirty-six hours," and imposes a penalty upon the railroad company if the act is violated. These animals were confined for more than 36 hours, which constituted a violation of the act. The question presented is whether this plaintiff is in a position to recover damages from the defendant. The plaintiff accompanied this stock as caretaker under a written contract with the defendant, whereby he assumed the duty of feeding, watering, and caring for the stock in transit. He made no request of the company to unload the stock for feeding and watering, but testified upon the trial that the cattle were fed in racks provided for that purpose, and that he preferred to have the cattle taken through to the place of destination as rapidly as possible without unloading. It seems clear that where the shipper, as a caretaker, participates with the company in the course pursued, connives with and helps bring it about, he should not be permitted to recover damages thus occasioned to which he himself contributed. This was the view taken by the trial court, and the jury was so instructed.

The judgment of the district court is therefore

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.