## JENSEN v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1926.)

No. 6821.

1. **Railroads** ☞333(1)—Driver of auto truck, injured at crossing, held chargeable with contributory negligence, where he saw train.

Plaintiff drove an auto truck upon a railroad crossing in the daytime, in front of a train approaching at a speed of 30 to 35 miles an hour, and then about 700 feet distant. The truck stalled on the track, was struck by the train and he was injured. He could have seen the train from the highway for a considerable distance before he reached the crossing, and did see it in time to stop before driving on the track. *Held*, that he was chargeable with contributory negligence as matter of law.

2. **Railroads** ☞327(2)—Person driving on track at crossing, when he sees train or could see or hear it, held guilty of contributory negligence.

A person who drives his team, automobile, or truck upon a railroad track at a highway crossing in front of a fast-approaching train, which he sees approaching in such proximity as to be notice to him of the danger, or, if he does not see the train, but could have ascertained its approach by exercising his faculties of sight and hearing at such a place, and within such distance of the crossing as would be effective, and does not do so, is chargeable with contributory negligence as matter of law.

3. **Negligence** ☞136(31)—Nebraska statute as to comparative negligence does not require submission to jury when plaintiff's negligence more than slight as matter of law (Rev. St. Neb. 1913, § 7892).

Rev. St. Neb. 1913, § 7892, providing that, when plaintiff's contributory negligence was slight, and defendant's was gross in comparison, it shall not bar recovery, but shall be considered by the jury in mitigation of damages, and all questions of negligence and contributory negligence shall be for the jury, does not require submission to the jury of such issues where plaintiff's negligence was more than

slight as matter of law, and was equal to that of defendant.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by Harry Jensen against the Chicago, St. Paul, Minneapolis & Omaha Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

H. E. Siman, of Winside, Neb., and M. F. Harrington, of Omaha, Neb., for plaintiff in error.

Robert D. Neely, of Omaha, Neb. (Wymer Dressler and Paul S. Topping, both of Omaha, Neb., on the brief), for defendant in error.

Before STONE, KENYON, and BOOTH, Circuit Judges.

KENYON, Circuit Judge. Harry Jensen, plaintiff in error (hereinafter designated as plaintiff), brought action in the state court of Nebraska (the same being removed to the United States District Court of Nebraska) against the defendant in error (hereinafter designated as defendant) for damages resulting from personal injury alleged to have been sustained in a collision at a public crossing of defendant railroad between an automobile driven by plaintiff and a train of cars of defendant.

At the close of the plaintiff's evidence, the trial court sustained the following motion to instruct a verdict for defendant:

"(1) It appears without dispute that plaintiff drove his truck on the track in front of an on-coming train when the train was within 600 or 700 feet of him, and such conduct was more than slight negligence, as a matter of law.

"(2) There is no evidence that any one in charge of the locomotive of the train ever actually saw plaintiff in a position of danger.

"(3) There is no evidence that any one in charge of the train, with power to stop the train, ever actually saw plaintiff in time to avoid the collision.

"(4) There is no evidence whatever that it would have been possible to stop the train within the distance plaintiff claims the train was away when his motor is alleged to have stalled on the crossing."

There is much confusion in the record and in argument here as to the theory upon which the case was actually tried with relation to the applicability of the doctrine of the "last clear chance."

The trial court held that plaintiff was guilty of contributory negligence as a matter of law, and also that the doctrine of "last clear chance" did not apply, as the evidence conclusively showed that defendant did not know of the alleged perilous position of plaintiff on its track prior to the accident in time to have avoided the injury. We refer to the pleadings on this subject, where the following, referring to plaintiff, is stated: "But as a matter of fact he did see the approaching train in plenty of time to get across with safety and much more if the engine had not stalled and stopped as hereinafter set forth, and that the defendant engineer and fireman could easily have seen his truck at said crossing from their position in said locomotive engine for a distance of at least 800 feet and even more; that there was nothing to obstruct their view."

In his original argument, plaintiff states: "We contend that there is abundant evidence of negligence here. No lookout was kept. Furthermore, *we invoke the doctrine of last clear chance.* The position of the plaintiff would have been observed had a lookout been kept. * * * Let it be understood that we do not concede for a moment that the plaintiff was guilty of any negligence. Plainly, upon the evidence, he was not. But, if he had been guilty of negligence in going upon the track, still after that the defendant knew, or should have known, his position of peril and failed to protect him the company is liable under the doctrine of last clear chance."

In his reply brief plaintiff states: *"In plaintiff's petition we have made plain by different allegations that this is not a last clear chance case at all.* Of course, in our brief in citing decisions we had to print decisions as they were, and some of them dealt in part with the question of last clear chance. *But nowhere have we claimed that the doctrine of last clear chance had anything to do with this lawsuit.* * * * The contention of the plaintiff in error is clear in the brief and a multitude of decisions are cited to sustain our contention that it is the duty of the engineer and fireman to keep a lookout for persons and vehicles at public crossings. The failure to do so is negligence for which the railway company is responsible to the person who is injured without fault or negligence on his part. * * * We want the court to understand clearly that we have never claimed that the engineer and fireman saw this plaintiff and failed to stop the train with that knowledge. We have constantly claimed that they failed to keep a lookout, and that this failure was negli-

gence responsible for the injuries to plaintiff."

In view of plaintiff's statement in his reply brief that this is not a "last clear chance" case, and of plaintiff's failure to plead and rely on said doctrine, which this court said in Hart v. Northern Pac. Ry. Co., 196 F. 180, 116 C. C. A. 12, is necessary, we accept plaintiff's last theory that the case is not based on the doctrine of "last clear chance," a conclusion which a careful study of the record satisfies us is correct,. as there is no evidence to show that the railroad company, even had it known of plaintiff's peril, had time or opportunity thereafter, in the exercise of ordinary care, to have avoided the injury. Further, if plaintiff was negligent, such negligence continued up to approximately the time of the accident. Pretermitting therefore the doctrine of "last clear chance," we consider the case as one of the usual and ordinary crossing accidents, where an automobile and a railroad train unfortunately meet, with the consequent inevitable result.

[1] Conceding there was negligence on the part of the defendant in failing to keep a proper lookout as the train approached the crossing in question, was the trial court justified in holding plaintiff guilty of contributory negligence as a matter of law, or, in view of the Nebraska statute hereinafter referred to, should the question of such negligence have been submitted to the jury?

We review briefly the evidence. Plaintiff was a resident of Winside, Neb., the owner of a 40 horse power automobile truck with a capacity of 1½ tons, doing a trucking and freighting business between Winside and Norfolk, Neb. The day of the accident he left Winside in the morning, with his truck loaded with chickens, eggs, butter, and other products. Some of the tubs of butter were piled against the right door of the cab upon the truck so that the door could not be opened, leaving the left door the only means of egress from the cab. The railroad track of defendant in a general way paralleled the highway for about 2 miles west of Winside; the highway crossed the railroad twice, the second crossing being the place of the accident. There the railroad track, after paralleling the highway for a considerable distance, made a curve and crossed it at an angle. Plaintiff sitting in the cab of the truck with his 4 year old son proceeded along the highway. He looked for trains at a point 300 feet from the crossing and claims he did not see the train. The speed of his truck was from 12 to 15 miles per hour. He looked

again at 250 feet and did not see the train. He did not lessen the truck's speed, and when he reached the right of way and was approaching the crossing grade and nearly to the planking of the crossing he saw the train, as he claims, some 1,400 feet away.

Plaintiff testifies that at the speed he was running prior to reaching the crossing grade it would require about 100 feet within which to stop the truck; that there was a slight grade up to the track and he threw his gear into intermediate at the foot of the grade. The train, he states, was running about 35 miles per hour, and he supposed he had plenty of time to make the crossing and would have done so had nothing happened, but that when the front wheels of his truck got over the track, he then proceeding at the rate of about 6 miles per hour, the rear of the truck being on the track, his engine stalled, and there was no way to start it except to get out and crank the car. He could not get out at the right door on account of the tub of butter piled against it. He had some difficulty in getting out with his infant son at the left door, and before he did accomplish this the train struck the truck, resulting in a general smashup and injuring him. After striking the truck, the train ran 900 to 1,000 feet. The evidence varies as to the distance of the train from the crossing when the truck stopped; the witnesses placing the same at from 500 to 750 feet. There was no evidence that the engineer or fireman saw the truck in a position of peril, and no evidence that had they seen it and realized plaintiff's danger the train could have been stopped in time to avoid the accident. The speed of the train is manifested by the distance it ran after striking the truck. The entire matter was one of seconds.

A situation is therefore presented of plaintiff in broad daylight driving a heavy truck along a highway paralleling the railroad track, approaching a crossing of the railroad with which he was thoroughly familiar, having passed over it almost daily, where by looking at any reasonable distance from the crossing he could have seen the approaching train, proceeding without lessening his speed almost to the crossing before observing the train, and then, instead of stopping, as he testifies he could have done, he concluded he had time to beat the train over the crossing, and took the chance. When his engine became stalled on the crossing he saw the train approximately 700 feet away. Due to the manner in which he had loaded the truck he had some difficulty in extricating himself therefrom, and the evidence shows

he did not immediately attempt to open the left door, but took some 12 or 15 seconds to accomplish the same, he claiming there was some binding of the door due to the position of the truck on the track. Plaintiff approached the track with a full appreciation of the danger, was compelled to change the gearing at the foot of the crossing grade and lessen speed to 6 miles per hour in order to pass over the track. He then drove ahead with the heavily loaded truck, up a grade to the track, in the face of an on-coming train running at the rate of from 30 to 35 miles an hour, heedlessly disregarding impending danger, and with the belief that he "could easy make it if nothing went wrong." This case presents a combination of inattention and inexcusable recklessness.

[2] So often has this court announced the doctrine that a person who drives his team, automobile, or truck upon a railroad track at a highway crossing in front of a fast-approaching train which he sees approaching in such proximity as to be notice to him of the danger, or if he does not see the train but could have ascertained its approach by exercising his faculties of sight and hearing at such a place and within such distance of the crossing as would be effective and does not do so, he is guilty of contributory negligence as a matter of law, that it seems a work of supererogation to again cite the cases. However, see Pyle v. Clark et al., 79 F. 744, 25 C. C. A. 190; Davis v. Chicago, R. I. & P. Ry. Co., 159 F. 10, 88 C. C. A. 488, 16 L. R. A. (N. S.) 424; Chicago Great Western R. Co. v. Biwer (C. C. A.) 266 F. 965; Bradley v. Missouri Pac. R. Co., (C. C. A.) 288 F. 484; Wabash Ry. Co. v. Huelsmann (C. C. A.) 290 F. 165; Gordon Fireproof Warehouse & Van Co. v. Hines (C. C. A.) 272 F. 604; Illinois Cent. R. Co. v. Ackerman, 144 F. 959, 76 C. C. A. 13; Coverdale v. Sioux City Service Co. (C. C. A.) 268 F. 963; St. Louis & S. F. R. Co. v. Summers et al., 173 F. 358, 97 C. C. A. 328; Atchison, T. & S. F. Ry. Co. v. McNulty (C. C. A.) 285 F. 97; Parramore et al. v. Denver & R. G. W. R. Co. (C. C. A.) 5 F.(2d) 912.

[3] Plaintiff claims that under the Nebraska comparative negligence statute the questions of negligence are for the jury. That statute is as follows:

"7892 Sec. 333. *Contributory Negligence—Damages.*—In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." Revised Stat. of Neb. 1913.

This does not save the situation to plaintiff. He was guilty of more than slight negligence as a matter of law. Gordon Fireproof Warehouse & Van Co. v. Hines (C. C. A.) 272 F. 604; Bradley v. Missouri Pac. R. Co. (C. C. A.) 288 F. 484. The negligence of defendant in failing to keep a proper lookout was not greater than the established negligence of plaintiff in driving his truck upon the track, under all the circumstances disclosed by the record.

The doctrine of "last clear chance" finding no place in the case, and no other conclusion being possible to be drawn from the facts than that plaintiff's negligence was more than slight and that such negligence contributed to his injuries, the trial court did not err in directing a verdict, and the judgment is affirmed.