## SNYDER v. CHICAGO, B. & Q. R. CO.

Circuit Court of Appeals, Eighth Circuit.
December 11, 1928.

No. 7915.

Everett Bell, of Denver, Colo., for plaintiff in error.

J. L. Rice, of Denver, Colo. (J. C. James, of Chicago, Ill., and J. Q. Dier and E. B. Evans, both of Denver, Colo., on the brief), for defendant in error.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment entered upon a verdict directed for defendant at the close of the case. The action was originally commenced in the state district court of the city and county of Denver, Colo., by Albert P. Snyder and Florence I. Snyder against the Chicago, Burlington & Quincy Railroad Company to recover damages for the death of their son Albert F. Snyder, alleged to have been caused by the negligence of the defendant. The cause was duly removed to the United States District Court for the District of Colorado. Thereafter, Albert P. Snyder died, and the

case by order of court was continued in the name of Florence I. Snyder as sole plaintiff.

The following facts were disclosed by the evidence: On May 1, 1924, about 5 o'clock in the afternoon, Albert F. Snyder with his wife was driving in an automobile in the northeasterly part of the city of Denver on a public highway leading from the Brighton boulevard to Riverside Cemetery. As he drove upon the public crossing at the intersection of said highway and the railway track of defendant, a collision occurred between the automobile and a passenger train operated by defendant, and he and his wife were both killed. Near the crossing in question Brighton boulevard runs parallel with the railway track, and at a distance of about 90 feet therefrom, in a northeasterly and southwesterly direction. Mr. Snyder and his wife had driven northeasterly along the boulevard and had turned into the highway and driven northerly to the crossing when the accident happened. Mr. Snyder was about 28 years of age, and was accustomed to driving an automobile. He was driving a Ford coupé at the time of the accident. The car was in good operating condition. The weather was clear and the roads dry. There was no warning sign at the crossing. The railway was on an embankment for some distance easterly of the crossing. There were no obstructions except telegraph poles and tramway poles to the view of one driving easterly on the boulevard, and northerly on the highway to the crossing. One driving on the highway from the boulevard to the crossing, a distance of 90 feet, could at any point see a train approaching when it was at a distance of upwards of half a mile northeasterly from the crossing, except, as testified to by one witness, that there was a blind spot on the highway about 34 feet south from the crossing, where for about 20 feet the view was obstructed by the crossbars on the telegraph poles. The speed of the train was estimated at from 35 to 50 miles per hour. The testimony was in conflict on the question whether any signal was sounded for the crossing. An ordinance of the city of Denver fixed the rate of speed of passenger trains within the city limits at 20 miles per hour. Another ordinance provided for the ringing of a bell by locomotive engineers when their engines were approaching public crossings in the city.

This being the state of the evidence, the court on motion directed a verdict for defendant, on the ground that Mr. Snyder was guilty of contributory negligence.

The rule in this circuit touching negligence of drivers of vehicles at public railway crossings is so well settled as to require no review of the authorities. From the case of Pyle v. Clark (C. C. A.) 79 F. 744, to the case of Walker v. E. St. L. & S. Ry. Co. (C. C. A.) 25 F.(2d) 579, the rule has been uniformly stated and uniformly applied. Jensen v. C., St. P., M. & O. Ry. Co. (C. C. A.) 12 F.(2d) 413, contains a list of cases up to that time. In the Pyle Case this court, speaking by Circuit Judge Sanborn, said: "Every railroad is a menace of danger. It is the duty of every one who approaches it to look both ways, and to listen, before crossing its track; and, when a diligent use of the senses would have avoided the injury, a failure to use them is, under ordinary circumstances, contributory negligence, and should be so declared by the court. Where contributory negligence is established by the uncontroverted facts of the case, it is the duty of the trial court to instruct the jury that the plaintiff cannot recover." See, also, B. & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645.

█ It is contended by counsel for plaintiff in error that Mr. Snyder cannot be held guilty of contributory negligence, because if he arrived in such proximity to the crossing in time to have passed safely thereover ahead of the train, had it been approaching at the lawful rate of speed, there was no duty imposed upon him to stop his journey simply to allow the train to pass. In other words, counsel advance the doctrine that a traveler on a public highway upon approaching a railway crossing may make the assumption that the operatives of the railway train will strictly observe the limits of speed fixed by ordinance, and that this assumption must be considered as a factor in determining the question of contributory negligence on the part of the traveler; and if it is shown that the lawful rate of speed was exceeded by the railway train, the traveler cannot be held guilty of contributory negligence.

We are not called upon to determine whether this doctrine may find application to peculiar conditions, such as where a traveler on a highway upon approaching a railway crossing finds his view obstructed by a permanent condition, for example, a curve in the railway track at some distance from the crossing, and the traveler having first used due care in looking and listening, then proceeds relying upon the assumption above mentioned. It is clear, however, that the doctrine has no application to the facts in the case at bar. There was no obstruction which prevented Mr. Snyder from seeing an on-coming train

at a distance of more than half a mile as he approached the crossing. Any presumption that he used due care is destroyed by the physical facts in the case. If Mr. Snyder had used due care in looking, he would have seen the train. Seeing the train, he would have known that it was going at a speed greatly in excess of 20 miles per hour. We say this because the evidence shows. that Mr. Snyder was a man of intelligence and acquainted with moving vehicles, and because the evidence further shows that the witnesses who were called in behalf of the plaintiff and who saw the train were able to judge and did judge that the train was going at a speed from 35 to 50 miles per hour. Mr. Snyder, in the face of such information, could not assume that the train was going at a speed of only 20 miles per hour; nor could he without being guilty of negligence proceed upon a hasty inference drawn from the speculative elements of the speed of the train, its exact distance from the crossing, the speed of his own vehicle, its exact distance from the crossing, and the further speculative assumption that nothing would happen to change the respective speeds of the train and the automobile.

We have therefore no hesitation in reaching the conclusion that, whether Mr. Snyder looked or did not look, he was equally guilty of contributory negligence; and that the doctrine of assumption above mentioned has no application. In support of this view, see Pyle v. Clark, supra; Chicago Great Western Ry. Co. v. Smith, 141 F. 930 (C. C. A. 8); Stotler v. C. & A. Ry. Co., 204 Mo. 619, 103 S. W. 1; Erlich v. Davis, 202 Iowa, 317, 208 N. W. 515; N. Y. L. Oil Co. v. United Railroads, 191 Cal. 96, 215 P. 72; Emmons v. So. Pac. Ry. Co., 97 Or. 263, 191 P. 333. See, also, Pierce v. Sanden, 29 F.(2d) 87 (C. C. A. 8).

Finally, counsel for plaintiff contends that contributory negligence on the part of Mr. Snyder is no defense to wanton and willful negligence on the part of the railway company. The short answer to this contention is that a finding of willful and wanton negligence on the part of the defendant could not be sustained by the facts disclosed in the record.

We think that the rule as to contributory negligence was properly applied by the trial court to the uncontradicted facts in the case at bar. It is very plain that Mr. Snyder either did not look and listen, or, if he did, that he recklessly disregarded the warning that his senses must have given him.

In the view we have taken of the case it has not been necessary to pass upon the contention of defendant that plaintiff has no legal capacity to maintain the action. For the purposes of the foregoing discussion we have assumed, but without deciding, that such legal capacity did exist.

Judgment affirmed.